Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXCO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EVOLUTIONARY APPAREL, INC., doing business as "allison & kelly," a California corporation; DILLARD'S, INC., doing business as "Dillard's," a Texas corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>  **1. COPYRIGHT INFRINGEMENT**<br>  **2. CONTRIBUTORY**<br>   **COPYRIGHT INFRINGEMENT**<br>  **3. VICARIOUS**<br>   **COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

Plaintiff TEXCO, INC. ("Texco" or "Plaintiff"), a California corporation, by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and

- 1 -

COMPLAINT

1338 (a).

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.    Plaintiff Texco is a California corporation with an office in New York and doing business throughout the United States and within this District.

5.    Plaintiff is informed and believes and thereon alleges that Defendant EVOLUTIONARY APPAREL, INC., doing business as "allison & kelly" ("Evolutionary"), is a California corporation with a principal place of business located at 3030 Tanager Avenue, Commerce, California 90040 and is doing business in and with the State of California and this District.

6.    Plaintiff is informed and believes and thereon alleges that Defendant DILLARD'S, INC. d/b/a "Dillard's" ("Dillard's") is a Texas corporation with its principal place of business located at 1600 Cantrell Road, Little Rock, AR 72201 and is doing business in and with the State of California and this District.

7.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 (together with Evolutionary and Dillard's, "Defendants"), inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when ascertained.

8.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and

- 2 -

COMPLAINT

was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages proximately caused thereby.

**INFRINGEMENT OF TEXCO'S DESIGNS**

9.     Plaintiff owns two original two-dimensional artworks used for purposes of textile printing entitled Design Nos. P-614 and P-603 ("Subject Design") which have been registered with the United States Copyright Office under Registration No. VAu 1-335-462.

10.     The Subject Designs were creations of Texco and/or Texco's design team and are, and at all relevant times were, owned exclusively by Texco.

11.     Since 2018, Plaintiff has widely disseminated fabric bearing the Subject Designs to numerous parties in the fashion and apparel industries.

12.     Following its distribution of product and fabric bearing the Subject Designs, Texco's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Designs and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Designs to the public.

13.     Texco is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Designs, Defendant Evolutionary created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments (the "Accused Products") comprised of fabric bearing unauthorized reproductions of the Subject Designs to the public, including, but not limited to, customers in California and this District, and to retailers such as Dillard's, who in turn sold the Products to the public, including, but not limited to, consumers in California and this District.

14.     Representative images of the Subject Designs and exemplars of the

COMPLAINT

Accused Products are set forth below:

| **Subject Design** | **Accused Products** |
|---|---|
| P-614 | Evolutionary / Dillard's |
| | Detail |



Label & Garment



RN# 131869
MADE IN CHINA
SELF:
59% POLYESTER
30% NYLON
11% SPANDEX
LINING:
100% POLYESTER

STYLE# 7DXCK336

COMPLAINT

| **Subject Design** | **Accused Products** |
|---|---|
| <u>P-614</u> | <u>Evolutionary</u> |
|  | Detail<br><br>Label & Garment<br>  |

COMPLAINT

| **Subject Design** | **Accused Products** |
|---|---|
| P-603 | Evolutionary |

<table>
<tr><td>



</td><td>

Detail



Label & Garment

 

</td></tr>
</table>

COMPLAINT

15.　　The above referenced comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially, if not strikingly, similar.

16.　　Texco is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Texco's rights and/or in blatant disregard for Texco's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

17.　　Since July 2025, Texco attempted to resolve the dispute by sending Evolutionary a demand letter and following up several times in the following months. Evolutionary, however, did not respond to Texco's attempts to resolve the dispute, necessitating the instant action.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

18.　　Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

19.　　Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom, strike offs, and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; and/or (c) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

COMPLAINT

20.    Plaintiff is informed and believes and thereon alleges that one or more of the Defendants, such as Evolutionary, manufactures garments and/or is a garment vendor and wholesaler. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design, or were an illegal modification thereof.

21.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling Accused Products to the public, including to customers in California, through a nationwide network of retail stores, catalogues, and through on-line websites.

22.    Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

23.    Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Designs in an amount to be established at trial, or in the alternative statutory damages.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement - Against All Defendants, and Each)

24.    Texco hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

COMPLAINT

25.     On information and belief, Texco alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Designs as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Designs, and/or selling such derivative works and products and that that Defendants knew, or should have known, were not authorized to be published by Defendants.

26.     Defendants had actual knowledge, and/or were aware of the facts and circumstances, surrounding the creation of the Accused Products.

27.     Texco alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Texco's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

28.     By reason of Defendants' acts of contributory infringement as alleged above, Texco has been damaged and has suffered damages in an amount to be established at trial.

29.     Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Texco's rights in the Subject Design. As such, Texco is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Designs, in an amount to be established at trial.

30.     Texco is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty

COMPLAINT

thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Texco will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Vicarious Copyright Infringement - Against All Defendants, and Each)

31.    Texco repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

32.    On information and belief, Texco alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Accused Products, and were able to supervise the reproduction, distribution, broadcast, and publication of the Accused Products.

33.    Defendants also have a direct financial interest in their suppliers' conduct, including with respect to the Accused Products, because Defendants realize increased profits through the proliferation and dissemination of the Accused Products through its retail business by disregarding the intellectual property rights of copyright holders such as Texco and saving money on licensing fees and costs with regard to the same.

34.    Texco alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

35.    By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Texco has suffered general and special damages in an amount to be established at trial.

36.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

- 10 -

COMPLAINT

not otherwise have realized but for their infringement of Texco's rights in the Subject Designs. As such, Texco is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Texco's rights in the Subject Design, in an amount to be established at trial.

37.     On information and belief, Texco alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

    a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

    b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

    c.  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

    d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

    e.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

- 11 -

f.   That Plaintiff be awarded pre-judgment interest as allowed by law;

g.   That Plaintiff be awarded the costs of this action; and

h.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 8, 2026          By:   */s/ Andres Navarro*
                                   Trevor W. Barrett, Esq.
                                   Andres Navarro, Esq.
                                   DONIGER / BURROUGHS
                                   Attorneys for Plaintiff

- 12 -

COMPLAINT